Linda ROGERS, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 77–2190.

United States Court of Appeals, Fifth Circuit.

April 28, 1978.

---

Stephen E. Musil, American Civil Liberties Foundation of Texas, Inc., John Buckley, James M. Simons, Austin, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Anita Ashton, David M. Kendall, Jr., Joe B. Dibrell, Jr., Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, Chief Judge, AINSWORTH and VANCE, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Western District of Texas denying appellant's petition for writ of habeas corpus.

On May 2, 1975 appellant, Linda Rogers, was tried and convicted by the state court in Texas of the offense of delivery of tetrahydrocannabinol (hashish), a felony, and was sentenced to two years confinement. Her conviction was upheld by the Texas Court of Criminal Appeals.

By her petition for writ of habeas corpus appellant raised the issue presented here, that the Texas Controlled Substances Act is unconstitutionally vague because of its failure to give adequate notice of the proscription of and penalties for possession and delivery of hashish. The contention centers on the punctuation and structural make up of Section 4.02(c), Subsection N of the Texas Controlled Substances Act, Art. 4476–15, Vernon's Annotated Texas Statutes.

The contention was dealt with in the district court's Memorandum Opinion and Order as follows:

"Petitioner's attack on the statute under which she was convicted is without merit. The Petitioner has improperly read the statute, and under this reading, concluded that it does not encompass the activity in which she was engaged and that the way the statute was interpreted by the Texas Court of Criminal Appeals stretched it beyond its literal language, thus failing to give fair warning to the Petitioner. The statute, fairly read, gave notice to the Petitioner that her conduct was prohibited, even prior to its construction by the Texas Court of Criminal Appeals. Even more importantly, however, the Texas Court of Criminal Appeals had already construed the statute so as to reach the conduct in question prior to the date of the transaction. *Ex parte Psaroudis*, 508 S.W.2d 390 (Tex.Crim.App.1974). Thus, the criminal law in question was not so vague as to deny Petitioner her federal constitutional rights."

We agree with the holding of the district court and therefore affirm its denial of the Writ.

AFFIRMED.