**Gary Leon RILEY, Appellant,**

v.

**Donald WYRICK, Warden, Appellee.**

No. 82–2089.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1983.

Decided July 28, 1983.

Michael L. Lyons, St. Charles, Mo., for appellant.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, McMILLIAN and AR-NOLD, Circuit Judges.

HEANEY, Circuit Judge.

Gary Leon Riley appeals from the district court's [1] denial of his petition for a writ of habeas corpus. Riley contends that the state court denied him a fair trial by refusing to rehear his motion to suppress evidence when he was granted a new trial. Riley also argues that his trial counsel was ineffective in not objecting to the admission of the seized evidence at trial and consequently forfeiting appeal of the suppression ruling. For the reasons discussed below, we reverse the district court's judgment and remand with directions to issue the writ of habeas corpus unless the state court will allow Riley an untimely appeal of the trial court's suppression ruling.

## I. Background

The events surrounding Riley's arrest and search are not entirely clear from the record before this Court. The state trial tran-

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

script discloses that the police stopped Riley and an associate, Dwayne Murrow, near the scene of an abandoned car accident. The police took Riley and Murrow back to the scene of the accident where a witness identified them as occupants of the car. Riley testified that the driver of the car then arrived on the scene and identified himself. The police ran a check on the license plate number and discovered that the car was implicated in a reported larceny of a can of oil from a service station. Riley could not produce any identification. The police loaded Riley and Murrow into a police van and took them to the precinct headquarters. When the two got out of the van, a police officer found a treasury check lying on the floor that had not been there before.

Inside the station, the police officers told Riley and Murrow that they would be "detained pending investigation." It is unclear from the record how much time elapsed before Riley was searched. Four officers were present at the time of the search. One told Riley to empty his pockets and take the "gum" out of his mouth. Riley refused and became verbally abusive. An officer then choked Riley until he spat out a cellophane packet containing three capsules later identified as heroin. He was booked for possession of heroin, possession of potent drugs, and two charges of stealing property worth under fifty dollars which apparently were later dropped.

Riley stood trial twice on the possession charges. Prior to the first trial, his public defender moved to suppress the heroin. The trial court held a hearing and denied the motion. At the close of all the evidence, the defense motioned for a mistrial based on a number of grounds, including the denied suppression motion and prosecutorial misconduct. The judge granted a new trial on the latter ground. Prior to the second trial, a new defense attorney, William O'Herin, again motioned to suppress the heroin. A different judge entered an order which states: "the motion to suppress evidence having heretofore been heard and overruled * * * this court does not consider this motion at this time." At trial, O'Herin proceeded on the theory that the officers planted the heroin on Riley. He did not object when the heroin was introduced into evidence. Riley was convicted and the Missouri Court of Appeals affirmed his conviction and five-year sentence on appeal. *Missouri v. Riley*, 583 S.W.2d 751 (Mo.App. 1979).

Riley raised the issues now before this Court in Missouri state court pursuant to Mo.R.Crim.P. 27.26. After a hearing, the state court concluded that any error committed by the trial court in not allowing Riley a second suppression hearing prior to his second trial was not an appropriate issue for review in a Rule 27.26 proceeding for post-conviction relief. The court also concluded that O'Herin was not ineffective and did not object to the admission of the heroin because of a legitimate. trial strategy. The Missouri Court of Appeals affirmed this judgment. *Riley v. State*, 620 S.W.2d 459 (Mo.App.1981). The federal district court subsequently denied Riley's section 2254 petition on the recommendation of the magistrate and this appeal followed.

II. Discussion

A. Right to a Second Suppression Hearing

Riley first contends that he was denied his fourteenth amendment right to fully and fairly litigate his fourth amendment claims when the trial court refused to rehear his motion to suppress before his second trial. He maintains that a different judge hearing the arguments of a different attorney could have reached a different result on the suppression issue. In *Lewis v. Gourley*, 560 F.2d 393, 394 (8th Cir.), *cert. denied*, 434 U.S. 987, 98 S.Ct. 618, 54 L.Ed.2d 483 (1977), we held that a second suppression hearing is not constitutionally required when the petitioner alleges no facts that are different from the facts developed in the prior motion to suppress. Here, Riley's attorney at the second trial apparently conceded, without the benefit of a transcript, that he had no new facts to offer with respect to the suppression motion; thus, a second hearing was not re-

quired. That concession under the circumstances present here is, however, an additional factor to be considered in determining the ineffective assistance of counsel issue to which we now turn.

## B. Ineffective Assistance of Counsel

■ Riley asserts that he was denied effective assistance of counsel. In order to show an unconstitutional denial of effective counsel, the petitioner must demonstrate, first, that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances; and, second, that he was prejudiced by his attorney's incompetence. *Harris v. Housewright,* 697 F.2d 202, 204 (8th Cir.1982); *Walker v. Solem,* 687 F.2d 1235, 1236 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1789, 76 L.Ed.2d 357 (1983). Counsel is presumed effective, and the exercise of reasonable judgment—even if later proven unwise—does not constitute ineffective assistance. *Harris v. Housewright, supra,* 697 F.2d at 206. Thus, Riley bears a heavy burden in proving his ineffective assistance claim.

### 1. Attorney Incompetence

■ The first issue is whether Riley's attorney performed reasonably competently under the circumstances when he failed to object to the admission of the heroin at the second trial. Under Missouri law, O'Herin forfeited his client's right to appeal the suppression ruling by failing to object at trial. *State v. Yowell,* 513 S.W.2d 397, 402–403 (Mo.1974) (en banc); *State v. Fields,* 636 S.W.2d 76, 79 (Mo.App.1982). O'Herin testified in the Rule 27.26 hearing that he did not object to the admission of the heroin primarily because to do so would have been inconsistent with his trial strategy. Riley's defense was that the police set him up by planting the heroin at the time of the search. O'Herin thought the jury might view an objection to the admissibility of the heroin as an implicit confession of possession.

■ When defense counsel has a plausible strategic reason for failing to object, we are reluctant to second-guess such a tactical decision. *See Comer v. Parratt,* 674 F.2d 734, 737 (8th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 125, 74 L.Ed.2d 108 (1982); *Adail v. Wyrick,* 671 F.2d 1218, 1220 (8th Cir.1982). If a tactical choice is wholly without reason, however, it jeopardizes a defendant's right to due process and is reviewable in federal habeas corpus proceedings. *See Harris v. Housewright, supra,* 697 F.2d at 209–211; *Mullins v. Evans,* 622 F.2d 504, 506 (10th Cir.1980). Moreover, the failure to object may in some instances be so derelict that the claim of ineffective assistance of counsel must be sustained. *See Pinnell v. Cauthron,* 540 F.2d 938, 942–943 (8th Cir.1976); *United States v. Easter,* 539 F.2d 663, 665 (8th Cir.1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977).

■ We can see no reasonable basis for O'Herin's tactical decision not to object at trial to the admission of the heroin. Riley's defense at trial and his suppression motion were not legally inconsistent. Riley was not precluded from challenging the constitutionality of evidence admitted against him simply because he also chose to contest the merits of the government's case. *See, e.g., United States v. Caro,* 637 F.2d 869 (2d Cir.1981); *Thomas v. United States,* 501 F.2d 1169 (8th Cir.1974). Moreover, O'Herin could have alleviated any danger that the jury might perceive a discrepancy between an objection to the admission of the heroin and Riley's defense by approaching the bench and making the objection out of the jury's hearing. O'Herin chose to forfeit appellate review of Riley's fourth amendment claim in order to place Riley, whose credibility was severely undermined on cross-examination, in a credibility contest with four police officers. We view this tactical choice as unreasonable under the circumstances. Riley thus has satisfied the first part of the ineffective assistance of counsel claim.

### 2. Prejudice

Riley has also shown that O'Herin's mishandling of his defense prejudiced him. Ri-

ley lost appellate review of his fourth amendment claim due to his attorney's concession that all facts were presented at the initial suppression hearing and his attorney's failure to object to the introduction of the questioned evidence at trial.[2] In similar contexts, courts have found that a defendant has been denied effective assistance of counsel when the malfeasance or nonfeasance of his or her counsel effectively deprived the defendant of the right to appeal. *See, e.g., Rodriguez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340 (1969) (attorney failed to file the notice of appeal); *Robinson v. Wyrick,* 635 F.2d 757, 758 (8th Cir.1981) (attorney submitted brief which was "flagrantly deficient"); *Miller v. McCarthy,* 607 F.2d 854, 857 (9th Cir.1979) (attorney failed to perfect appeal).

This action is distinguishable from the above-cited cases in that the attorney's misguided trial strategy, rather than malfeasance in the appeal procedure, forfeited Riley's right to review on his fourth amendment claim. Nonetheless, because the actions of Riley's counsel effectively deprived Riley of his right to appeal, these cases plainly bolster our finding of prejudice. Accordingly, we conclude that when, as here, a criminal defendant's only plausible defense rests on a motion to suppress, a fair trial depends on his counsel preserving that defense for review. *See United States v. Easter, supra,* 539 F.2d at 666.

■ If Riley's fourth amendment claim was patently frivolous, the failure of his counsel to preserve his right of appeal would not be prejudicial. The record before this Court, however, indicates that Riley's fourth amendment claim may have merit.

Evidence seized as a result of an illegal stop or arrest is inadmissible. *Davis v. Mississippi,* 394 U.S. 721, 726–727, 89 S.Ct. 1394, 1397, 22 L.Ed.2d 676 (1968). There is a question here whether the police had the reasonable grounds for suspicion necessary to stop Riley and Murrow a block from the abandoned car accident.[3] *See Terry v. Ohio,* 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). Even more troubling is the question whether probable cause for arrest had developed when Riley and Murrow were taken into custody at the scene of the accident.[4] Probable cause existed if at the moment of arrest the officer knew of facts and circumstances sufficient to warrant the reasonable belief that Riley had committed or was committing an offense. *Beck v. Ohio,* 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). At the scene, a bystander identified Riley as one of the occupants of the car. Riley testified, however, that the driver of the car identified himself to police officers at the scene before Riley and Murrow were taken into custody. Under the Missouri law applicable at the time of Riley's arrest, only the driver of the car could be charged with leaving the scene of an accident. Mo.Rev.Stat. 577.060 (1978). Thus, if the driver of the car had identified himself, the police did not have probable cause to arrest Riley for that particular offense.

The police knew that the automobile was implicated in the theft of a can of oil from a service station. The trial transcript contains no indication of when this larceny occurred or whether descriptions of suspects accompanied the report of the license num-

---

**2.** In *United States v. Bruce Wayne Johnson,* 707 F.2d 317 (8th Cir.1983), we held that in determining whether there was prejudice to an appellant from the asserted lack of diligence, we must examine the underlying issue of whether a *motion to suppress* evidence, if one had been made, would have been successful. We cannot answer that question in this case because the parties have been unable to furnish this Court with a transcript of the motion to suppress. Moreover, because this case involves a challenge to a state conviction, a state court should be given the first opportunity to make this decision.

**3.** At trial, an officer testified Riley and Murrow fit the description of the car's occupants, but the description is not in the record.

**4.** The police officers' insistence at trial that they had not arrested Riley at the time of the search, but instead they were only "detaining him pending investigation," raises the suspicion that the officers involved did not think that they had probable cause to arrest.

ber. If the theft occurred on a different day and a description of Riley did not accompany the report, the police would not have probable cause to believe that Riley, a mere passenger in the vehicle, was responsible for the theft. Therefore, neither the abandonment nor the larceny report necessarily provided probable cause for Riley's arrest. By the time the treasury check was found in the back of the police cruiser, Riley was in custody and arguably under arrest for purposes of constitutional analysis. Any facts developing after arrest cannot relate back to legitimize an arrest already made without probable cause.

Moreover, even if Riley was validly under arrest when the officer choked him to make him spit out his "gum," the search may have been unreasonable in scope. Although a full search of a lawfully arrested person is reasonable under the fourth amendment, *United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 476, 38 L.Ed.2d 427 (1973), such searches are not without limits. *See Tinnetti v. Wittke,* 479 F.Supp. 486, 491 (E.D.Wis.1979), *aff'd,* 620 F.2d 160 (7th Cir.1980) (practice of strip searching persons arrested for nonmisdemeanor traffic offense if they were detained overnight is unconstitutional absent probable cause to believe detainees were concealing contraband or weapons). The traditional justification for searches incident to arrest is the reasonableness of searching for weapons, instruments of escape, or evidence when a person is lawfully taken into official custody. *United States v. Edwards,* 415 U.S. 800, 802, 94 S.Ct. 1234, 1236, 39 L.Ed.2d 771 (1974). The police officers testified at trial that they believed Riley was chewing gum and forced his mouth open to remove the gum. Whether their subjective belief should influence the permissible scope of their search is a question that should be decided after a careful study of the relevant facts.

Finally, we cannot say, as a matter of law, that the search was a justifiable

booking search prior to putting Riley into a cell. The reasonableness of a booking search depends on the extent of the intrusion balanced against the government's interest in jail security. *Bell v. Wolfish,* 441 U.S. 520, 560, 99 S.Ct. 1861, 1885, 60 L.Ed.2d 447 (1976). Because of the intrusiveness of the search involved here, review of this issue is also justified.

### III. Conclusion

This Court has recognized that "where a defendant has failed to obtain fair appellate review of his conviction by reason of the denial to him of a constitutionally guaranteed right, means have been found to rectify the wrong by providing an appellate review of the conviction." *Robinson v. Wyrick,* 635 F.2d 757 (8th Cir.1981), *quoting Williams v. United States,* 402 F.2d 548, 552 (8th Cir.1968). We therefore remand this matter to the district court to direct the state to permit Riley an untimely appeal of the trial court's suppression ruling and, if the state refuses to permit this appeal, to issue the writ of habeas corpus with respect to the conviction in question.[5] If the state is unable to obtain a copy of the transcript of the hearing on the motion to suppress or to reconstruct the record in accordance with its rules of procedure, it will be required to conduct a new evidentiary hearing on the matter and to use that transcript as the basis for the untimely appeal.

---

5. This ruling, of course, does not affect any sentence Riley is currently serving pursuant to other convictions.