Irving J. ROGERS, Plaintiff-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, Defendant-Appellee.

No. 82–3640

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 9, 1983.

Mario Porzio, Baton Rouge, La., for plaintiff-appellant.

E. Kay Kirkpatrick, Asst. Dist. Atty., Baton Rouge, La., for defendant-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

GEE, Circuit Judge:

In August 1978 appellant Irving Rogers pleaded guilty to two counts of attempted aggravated rape and was sentenced to two concurrent terms of 50 years imprisonment

pursuant to Louisiana Revised Statute 14:27(D)(1).[1] In this habeas proceeding,[2] appellant challenges his conviction on several grounds, including claims of ineffective assistance of counsel and denial of the benefit of a discretionary state sentencing statute. This court finds that appellant is entitled to an evidentiary hearing on these claims and orders the judgment below vacated and the case remanded for an evidentiary hearing on these two claims.

## I.

Under *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), a federal habeas petitioner is entitled to an evidentiary hearing if he did not receive a "full and fair" state court hearing on alleged facts which would entitle him to relief, and the record reveals a genuine factual dispute. 372 U.S. at 312–13, 83 S.Ct. at 756–757. Rogers has not received an evidentiary hearing on any of his ineffective assistance of counsel claims in either the state proceeding or in the federal district court proceeding; nor has he received an evidentiary hearing on his claim that he did not receive the benefit of the state discretionary sentencing statute. Appellant's factual allegations as to these two claims are not contradicted by the record as it presently stands. As detailed in appellant's brief on this appeal, they are not merely conclusory, but contain factual allegations sufficient to meet the standard enunciated in *Townsend. See Ross v. Estelle,* 694 F.2d 1008, 1011–12 & n. 2 (5th Cir.1983).

Ineffective assistance of counsel can undermine the knowing and voluntary requirements of a guilty plea because the plea "would not represent an informed waiver of the defendant's constitutional rights." *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir.1981), *cert. denied,* 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982). As this court stated in *Bradbury:*

> When a guilty plea is entered, it is defense counsel's duty to assist actually and substantially the defendant in deciding whether to plead guilty and to ascertain whether the plea is entered knowingly and voluntarily.... Counsel must be familiar with the facts and the law in order to advise the defendant meaningfully of the options available.... This includes the responsibility of investigating potential defenses so that the defendant can make an informed decision.... Counsel's advice need not be the best, but it must be within the realm of competence demanded of attorneys representing defendants in criminal cases at that time.

*Id.* (citations omitted). Although reasonably effective assistance is "an easier standard to meet in the context of a guilty plea than in a trial, ... counsel still must render competent service.... And a lawyer who is not familiar with the facts and law relevant to his client's case cannot meet that required minimal level." *Herring v. Estelle,* 491 F.2d 125, 128 (5th Cir.1974) (citations omitted). *See Trahan v. Estelle,* 544 F.2d 1305, 1309 (5th Cir.1977) ("a guilty plea lacks the required voluntariness and understanding if entered on advice of counsel that fails to meet the minimum standards of effectiveness derived from the sixth and fourteenth amendments").

---

1. Louisiana Revised Statute 14:27(D)(1) provides:

   D. Whoever attempts to commit any crime shall be punished as follows:

   (1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years.

   Aggravated rape, the offense to which Rogers pled guilty as to attempt, carries a life sentence under Louisiana Revised Statute 14:42. That statute specifies that a person convicted of aggravated rape *shall be* sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.

2. Jurisdiction here is based on 28 U.S.C. § 2254. Appellant's state habeas petition was denied by the state district court and by the Louisiana Supreme Court in 1980. The state has not raised any issue of exhaustion.

   Rogers filed the present federal habeas petition in February 1981. Adopting the report of the magistrate, the district court denied relief. Rogers timely filed notice of appeal, whereupon this court granted him leave to appeal *in forma pauperis* and appointed counsel to represent him in this appeal. Both sides have waived oral argument.

Rogers bases his contention that he was denied the right to effective assistance of counsel on several allegations, most notably that:

(1) Counsel abandoned a motion to suppress his client's taped confession;

(2) Counsel failed to prepare for trial;

(3) Counsel failed to inform his client of the progress of the case or to discuss available defenses with his client;

(4) Counsel did not thoroughly investigate the case other than to review the files provided by the district attorney.

(5) Counsel erroneously advised his client regarding the possible sentence for his offenses.[3]

These allegations are in part substantiated by the record as it appears at present. For example, Rogers alleges that although his counsel filed a motion to suppress Rogers' confession and heard a tape of the confession, a hearing on the motion was set five different times and passed each time—in at least two instances, because of counsel's nonappearance.[4] Rogers has also alleged that at the time he confessed to a variety of crimes he was only 16 years old, had taken drugs and was heavily intoxicated. He claims that he was denied the use of the restroom, food, water, or a phone call from 8:00 p.m. until 5:30 a.m. the next morning, during which time he was continuously interrogated. If his allegations are true, Rogers might have had a meritorious challenge to the voluntariness of his confession. *See Sims v. Georgia*, 389 U.S. 404, 407, 88 S.Ct. 523, 525, 19 L.Ed.2d 634 (1967) (confession involuntary where illiterate kept incommunicado for over eight hours without being fed); *Jackson v. Denno*, 378 U.S. 368, 391–96, 84 S.Ct. 1774, 1786–1791, 12 L.Ed.2d 908 (1964) (evidentiary hearing required on voluntariness of confession where confession allegedly induced by drugs and pain from wounds); *Townsend v. Sain*, 372 U.S. 293, 307–09, 83 S.Ct. 745, 754–755, 9 L.Ed.2d 770 (1963) (evidentiary hearing required where statement allegedly drug-induced); *Haley v. Ohio*, 332 U.S. 596, 597–601, 68 S.Ct. 302, 302–304, 92 L.Ed. 224 (1948) (confession involuntary where 15-year-old held incommunicado and questioned for five hours).

By pleading guilty, appellant waived any direct challenge to the voluntariness of his confession as an allegation of a non-jurisdictional defect. *Tollett v. Henderson*, 411 U.S. 258, 266–67, 93 S.Ct. 1602, 1607–1608, 36 L.Ed.2d 235 (1973).[5] Nonetheless, he could potentially establish his counsel's ineffectiveness by showing that his counsel failed to mount a potentially

---

**3.** Appellant's claim that he was denied due process by the court's failure to hold a hearing on the motion to suppress his confession should be considered part of his ineffective assistance of counsel claim.

**4.** The reasons why the motion was passed on the other occasions are not evident from the record.

**5.** Rogers also contends that he was coerced into pleading guilty by his court-appointed attorney. However, at the time the district court accepted Rogers' guilty plea, the court, pursuant to Federal Rule of Criminal Procedure 11, specifically asked Rogers: "Have you been threatened, coerced or promised anything in return for pleading guilty?" Rogers answered: "No sir." He is bound by that answer in his claim for federal habeas relief and is therefore not entitled to an evidentiary hearing on the issue of whether he was coerced into pleading guilty. *See Moya v. Estelle*, 696 F.2d 329, 332–33 (5th Cir.1983).

Appellant also contends that his guilty plea was invalid because the state court did not develop a factual basis for the plea, because it did not have him withdraw his earlier plea of not guilty, and because it did not advise him of a minimum sentence. Once a plea of guilty has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained. *McMann v. Richardson*, 397 U.S. 759, 774, 90 S.Ct. 1441, 1450, 25 L.Ed.2d 763 (1970). The failure to provide a factual basis for a guilty plea presents a constitutional claim relating to the knowing and voluntary aspect of the plea only when the defendant proclaims his innocence while pleading guilty. *Willett v. Georgia*, 608 F.2d 538, 540–41 (5th Cir.1979); *accord Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir.1983). The record here shows that at the guilty plea hearing, the state court informed appellant of the specific charges against him and defined those charges for him. Appellant indicated that he understood them, and stated that he wished to plead guilty. He did not proclaim his innocence. Appellant is unable to show that his plea was either unknowing or involuntary on this ground.

successful challenge to his confession.[6] *See generally Washington v. Strickland,* 693 F.2d 1243, 1258 (5th Cir.1982); *see also, McMann v. Richardson,* 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–1449, 25 L.Ed.2d 763 (1970).

Whether Rogers was denied effective assistance of counsel cannot be decided from this record. Accordingly, Rogers is entitled to an evidentiary hearing on his ineffective assistance of counsel claims.

## II.

Appellant presents two claims based on Article 894.1 of the Louisiana Code of Criminal Procedure. First, he alleges that the state court failed to state for the record the factual basis for the two fifty-year concurrent sentences as required by the guidelines set forth in that Article. Second, he argues that the state court failed to consider any sentence except the maximum. This court construes appellant's allegations as stating a claim that he was denied the benefit of a discretionary state sentencing statute. *See Willeford v. Estelle,* 637 F.2d 271, 272 (5th Cir.1981).

Although the record reflects that the state court ordered a presentence report and a mental examination of the defendant and held a sentencing hearing, the absence of a transcript or record re-

garding the sentencing phase prevents adequate review of this issue. *See, e.g., Hickerson v. Maggio,* 691 F.2d 792, 794–95 (5th Cir.1982). Appellant is entitled to an evidentiary hearing on this claim. The district court should also consider the need for new counsel to represent Rogers at the evidentiary hearing.[7]

VACATED AND REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.

---

Similarly, appellant's claims that his guilty plea is a nullity because the court did not have him withdraw his earlier not guilty plea, and because the court did not advise him of the minimum sentence, do not show that the guilty plea was unknowing or involuntary. Appellant waived these objections by pleading guilty.

**6.** Without the confessions, the state's case had its weaknesses. Three victims could not identify anyone at the lineup. One victim identified someone other than Rogers. Two victims could not decide between Rogers and someone else. Only one victim identified Rogers. Some of the items stolen from the victims were, however, recovered in a search of Rogers' residence.

**7.** Appellant's claims regarding the constitutionality of Louisiana Revised Statute 14:27 present only state law considerations and are therefore not cognizable in this federal habeas proceeding. *See Torna v. Wainwright,* 649 F.2d 290, 291 (5th Cir.1981), *reversed on other grounds,* 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475

(1982). Appellant mounts two attacks on the constitutionality of the statute: (1) it creates a separate penalty clause that is arbitrary in that it makes a 50-year sentence greater than life imprisonment; and (2) it is unconstitutionally vague because it does not prescribe a minimum sentence. Appellant presents no authority, reasoned argument, or theory to show a deprivation of his federal constitutional rights. The length of a state penalty statute or sentence does not ordinarily present a federal constitutional question. *See Hill v. Estelle,* 653 F.2d 202, 204–05 (5th Cir.1981), *cert. denied,* 454 U.S. 1036, 102 S.Ct. 577, 70 L.Ed.2d 481 (1981). Furthermore, the phrase challenged for vagueness ("not more than fifty years") implies a range of zero to fifty, as the state points out on this appeal. The statutory language does not reach the necessary level of vagueness to create a constitutional problem. *See generally Rogers v. Estelle,* 571 F.2d 1381, 1382 (5th Cir.1978).