Cordelia A. Glenn, Brenda Lang, Asst. Attys. Gen., Columbus, Ohio, for respondent.

David FIELDS, Petitioner,

v.

R.C. MARSHALL,
Superintendent, Respondent.

No. C84–809.

United States District Court,
N.D. Ohio, E.D.

July 3, 1985.

## ORDER

BATTISTI, Chief Judge.

Petitioner was tried before a Cuyahoga County jury and found guilty of one count of aggravated murder as charged. He was sentenced to life imprisonment. His conviction was affirmed on appeal. On June 8, 1984, petitioner filed his writ of habeas corpus. Magistrate Jack Streepy filed his Report and Recommendations on March 1, 1985, recommending that the petition for writ of habeas corpus be denied. On March 8, 1985, petitioner filed objections to the Magistrate's Report.

Petitioner objects "to each and every finding of the Magistrate" and refers the Court back to his traverse and brief. The thrust of his objections is that the Magistrate should have granted an evidentiary hearing since petitioner's claim of denial of effective assistance of counsel was never given a hearing.

■ The standard for determining the entitlement of a state prisoner to a federal evidentiary hearing appears in *Townsend v. Sain*, 372 U.S. 293, 312–13, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963): "where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a

collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts." The Magistrate found that petitioner had raised the issue of effectiveness of counsel in his state petition for post-conviction relief. Report at 4. The state trial court, applying Ohio law, both in statute (Ohio Revised Code § 2953.21(C)) and Ohio Supreme Court opinions, held that petitioner had not established by sufficient evidentiary documents that there were substantial grounds for relief on his claim. Respondent's Supplemental Return of Writ at 2. The Magistrate also found that petitioner's allegations that his statements to police were involuntary due to medication and that counsel failed to file a motion to suppress those statements were not substantiated by evidence. Report at 6.

In his Objections, petitioner cites *Rogers v. Maggio*, 714 F.2d 35 (5th Cir.1983) for the proposition that "where there was no bearing on the claim of ineffective assistance of counsel at any stage of the proceedings either in the state or the lower federal court an evidentiary hearing was mandated." Objection at 2. However, the critical element in *Rogers* was that "appellant's factual allegations as to these two claims [effective assistance and state sentencing] are not contradicted by the record as it presently stands. As detailed in appellant's brief on this appeal, they are not merely conclusory, but contain factual allegations sufficient to meet the standard enunciated in *Townsend*." *Rogers*, 714 F.2d at 37. Simply put, the Court found that petitioner's "allegations [were] in part substantiated by the record," raising a serious dispute about the voluntariness of his confession. *Id.* at 38. As the Court emphasized, "[w]hether Rogers was denied effective assistance of counsel cannot be decided from this record." *Id.* at 39.

In *Riley v. Wyrick*, 712 F.2d 382 (8th Cir.1983), the Court did not directly address whether the district court must hold an evidentiary hearing in habeas review.

Rather, the issue was whether the state court denied petitioner a fair trial by refusing to rehear his suppression motion *and* whether his trial counsel was ineffective in not objecting to seized evidence. *Id.* at 383. The Court stated that a second suppression hearing was not required, *id.* at 384–85, and then went on to directly address the ineffective assistance of counsel claim. The Court, applying tests as to the reasonable basis for failure of counsel to object, found that petitioner's counsel had been ineffective, having no basis not,to object and prejudicing his client by this failure. *Id.* at 385–86. Since the Court found merit to petitioner's ineffective assistance claim and based on the record found merit to his Fourth Amendment claim, *id.* at 386, it remanded to the state court via the district court. The concluding line of the opinion was "If the state is unable to obtain a copy of the transcript of the hearing on the motion to suppress or to reconstruct the record in accordance with its rules of procedure, it will be required to conduct a new evidentiary hearing on the matter and to use that transcript as the basis for the untimely appeal." *Id.* at 387. Hence, the evidentiary hearing was not mandatory but necessary only if the state could not come up with a transcript of the first hearing on the motion to suppress at trial court level.

Similarly, in *United States v. Rusmisel*, 716 F.2d 301 (5th Cir.1983), the Court affirmed the district court's grant of a new trial, finding that defense counsel had indeed been ineffective in failing to object to the prosecution's introduction of "evidence of personal usage of drugs by [the] defendants." *Id.* at 314. However, the issue in *Rusmisel* was not petitioner's entitlement to a hearing since the district court had granted an evidentiary hearing under 28 U.S.C. § 2255. In the instant case, the district court is reviewing a *state* conviction under federal law. Once again, the *Rusmisel* court like the *Riley* court found that counsel's performance had indeed been ineffective and prejudicial to his client, ren-

dering the trial "fundamentally unfair." *Id.* at 305. In the instant case, the Magistrate determined that there was neither a threshold showing of ineffective assistance of counsel nor a sufficient factual dispute as to the record below.

■ In the instant case, although the state court did not hold an evidentiary hearing on the effective assistance of counsel claim, this Court concludes the state court impliedly found the material facts and found them to be contrary to petitioner's claims. In other words, based on the state trial court's decision not to hold an evidentiary hearing, petitioner had not established: (1) that he was so medicated, if at all, as to render his statements involuntary and (2) that counsel's conduct was so professionally unreasonable in light of the facts as counsel knew them as to prejudice petitioner's defense. Even if the state court did not make specific factual findings, the question in the instant case is whether counsel's conduct violated the legal standard under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This is largely an issue which is purely legal, involving the application of a legal standard to an undisputed fact, that petitioner's counsel did not seek to suppress his prior statements to police. An evidentiary hearing is not necessary if the issues are purely legal.[1] *Adams v. Daniel,* 356 F.Supp. 1109, 1110, (E.D.Tenn.) *aff'd without opinion,* 473 F.2d 911 (6th Cir.1973).

Accordingly, this Court rejects petitioner's objections to the Magistrate's Report and petitioner's request for a full evidentiary hearing in this Court; the Magistrate's recommendation is adopted and the petition for writ of habeas corpus is denied.

IT IS SO ORDERED.

[1] Petitioner in his objections contends that his post-conviction petition (in the form of an affidavit) is sufficient to raise a factual issue when he states that "upon his discharge from the hospital he was under the care of a doctor and was receiving medication for his injury and recovery from his injury." Petition at 2. However, this statement is simply an assertion and does not contradict the Magistrate's finding that petitioner has not submitted any evidence that petitioner was on medication or the specific date of his arrest, that the medication rendered him drowsy and unable to comprehend the proceedings. Report at 6.