944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin MOLINA, Petitioner-Appellant,
v.
Thomas J. STRICKRATH, Respondent-Appellee.
 No. 90-3696.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1991.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and HARVEY, Senior District Judge.*
 
 ORDER
 
 2
 Martin Molina, an Ohio prisoner, appeals the district court's judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In September of 1985, petitioner Molina was involved in an early morning shooting outside a Cleveland, Ohio tavern. Molina, a paraplegic, shot and killed Gary Luckovsky and wounded Donald Ramey. As a result, Molina was convicted of murder and felonious assault following a jury trial in 1986. The Cuyahoga County Court of Common Pleas sentenced Molina to concurrent service of two eighteen year terms of imprisonment.
 
 
 4
 Molina appealed his conviction to the court of appeals on grounds that (1) the trial court improperly instructed on the element of purpose under Ohio's murder statute; (2) plain error resulted from the failure to instruct on self-defense; and (3) his trial counsel was ineffective due to his failure to put on any proof to substantiate Molina's claim of self-defense. The court of appeals rejected all of the above arguments and the Supreme Court of Ohio denied leave to appeal.
 
 
 5
 Molina then filed a post-conviction challenge to his conviction in the trial court. This challenge was also rejected, the court finding that Molina had simply reasserted the same claims already rejected by the Ohio Court of Appeals. Molina again appealed to the Court of Appeals, which affirmed the trial court after consideration of several affidavits offered on the issue of ineffective assistance. The Ohio Supreme Court denied leave to appeal a second time.
 
 
 6
 Molina petitioned for habeas corpus relief under 28 U.S.C. § 2254. In his petition, Molina argued that he was denied due process of law by the trial court's instruction on purposefulness and that his trial counsel was ineffective due to his failure to properly investigate the case, call certain witnesses and request an instruction on self-defense or voluntary manslaughter.
 
 
 7
 On October 23, 1989, the magistrate filed a report and recommendation in which he recommended that Molina's petition be denied. Molina filed timely objections. On June 13, 1990, the district court entered its order dismissing the petition. On appeal, his appointed counsel in the district court, Paul Mancino, Jr., requests appointment as counsel and has filed a brief in Molina's behalf.
 
 
 8
 Upon review, we conclude petitioner has failed to show that he received a fundamentally unfair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 9
 To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). Review of counsel's performance is to be highly deferential. Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988).
 
 
 10
 Review of the arguments and affidavits offered by Molina reveals neither a deficient performance by counsel nor any prejudice. Trial counsel did not err by failing to call Charles Richards, Ron Skiens or petitioner Molina to testify at trial. Molina acknowledges in his affidavit that he did not testify on the advice of his counsel due to his past criminal convictions. This decision was a valid trial tactic, not ineffective assistance. See Stamps v. Rees, 834 F.2d 1269, 1276 (6th Cir.1987), cert. denied, 485 U.S. 980 (1988).
 
 
 11
 The affidavits of Molina's friends, Richards and Skiens, were fully considered and rejected by both the Ohio Court of Appeals and the district court. Neither Richards nor Skiens witnessed the actual shooting. The affidavits of both men merely confirm the testimony of other witnesses that Molina and the victim were arguing, that the victim was kneeling on the sidewalk in front of Molina exchanging insults immediately prior to the shooting. Under such circumstances, counsel was not deficient for failing to call either individual. Their testimony would not have warranted an instruction on self-defense. See United States v. Cox, 826 F.2d 1518 (6th Cir.1987) (failure to raise insanity defense not ineffective assistance where no reasonable possibility existed of a contrary result), cert. denied, 484 U.S. 1028 (1988).
 
 
 12
 Molina argues that the district court abused its discretion by failing to hold an evidentiary hearing to take the testimony of Richards, Skiens and Molina. The affidavits of all three men were fully considered by the Ohio courts and the district court. No evidentiary hearing is required on the issue of ineffective assistance where the record reveals that counsel was diligent and all the relevant evidence is presented by affidavit. Johnson v. Cabana, 661 F.Supp. 356, 363 (S.D.Miss.), aff'd, 818 F.2d 333 (5th Cir.1987). Further, this court has previously rejected this exact argument made by Molina's counsel in another habeas corpus action arising from a murder conviction returned in the same court of common pleas. See Fields v. Marshall, 621 F.Supp. 77, 79 (N.D.Ohio 1985), aff'd, 791 F.2d 932 (6th Cir.1986).
 
 
 13
 Molina further argues that his trial counsel was ineffective due to his failure to request an instruction on voluntary manslaughter based on the victim's alleged provocation of the shooting. The transcript of evidence reveals that Molina and his counsel conferred on the advisability of requesting such an instruction and decided not to make a request. Although Molina denies the record in his post-conviction affidavit, the present result is unaffected. The evidence presented at trial did not justify an instruction on voluntary manslaughter.
 
 
 14
 The findings of fact made by the Ohio Court of Appeals on Molina's direct appeal defeat his argument. After having started the initial argument with the victim, Luckovsky, Molina left the tavern and returned fifteen minutes later with a gun to reinitiate a second argument. As Molina was leaving, he yelled something at the victim. While the unarmed victim kneeled in front of Molina's wheelchair, an unknown third person assaulted the victim. The victim's friend, Ramey, attempted to pull-off the attacker. Molina then shot and wounded Ramey and shot and killed the victim, Luckovsky.
 
 
 15
 These findings are entitled to a presumption of correctness under 28 U.S.C. § 2254(d) as Molina has failed to offer any convincing evidence that these facts are clearly erroneous. Sumner v. Mata, 455 U.S. 591 (1982) (per curiam); Smith v. Jago, 888 F.2d 399, 407-08 (6th Cir.1989), cert. denied, 110 S.Ct. 2572 (1990). Because the findings establish that Molina was the provocateur, no instruction on voluntary manslaughter was warranted. See McKinney v. Israel, 740 F.2d 491, 495 (7th Cir.1984).
 
 
 16
 Finally, Molina has abandoned his due process argument based on the trial court's instruction on a purposeful mental state. Although Molina raised this argument as a separate claim for relief in the district court, he has failed to raise or argue it in his brief on appeal. Hence, it will not be reviewed on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 17
 Accordingly, the motion for appointment of Mancino as counsel is granted. The district court's judgment entered on June 13, 1990 is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James Harvey, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation