19 F.3d 24
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Edward Lee WILLIAMS, also known as Edward Lee Williams-Bey, Appellant,
v.
David SCURR, Superintendent of Mt. Pleasant Correctional
Facility, Appellee.
 No. 93-2697.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 6, 1994.
Decided Jan. 24, 1994.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Edward Lee Williams appeals the district court's[1] denial of his 28 U.S.C. Sec. 2254 petition. We affirm.
 
 
 2
 An Iowa jury convicted Williams of first-degree murder. The Iowa Supreme Court affirmed. State v. Williams, 207 N.W.2d 98 (Iowa 1973). After exhausting his state remedies, Williams brought this petition alleging, among several other grounds for relief, that he received ineffective assistance of trial counsel.
 
 
 3
 After hearing arguments of counsel, the district court denied Williams an evidentiary hearing and denied his petition. Relying on the state postconviction hearing testimony of Williams and his trial counsel, Thomas M. Kelly, the court concluded Williams failed to show that Kelly performed deficiently or that his performance prejudiced the outcome of Williams's trial.
 
 
 4
 A claim of ineffective assistance of counsel requires a showing that counsel performed deficiently based on an objective standard of reasonableness and that the deficient performance prejudiced the petitioner's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice exists where counsel's deficient performance renders the trial result unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993). Williams bears the burden of overcoming a strong presumption of his counsel's competence. See Bramlett v. Lockhart, 876 F.2d 644, 647 (8th Cir.), cert. denied, 493 U.S. 941 (1989). We cannot examine counsel's conduct with the aid of hindsight, and counsel's reasonable trial strategies, even if unsuccessful, cannot constitute ineffective assistance. Strickland, 466 U.S. at 689; Riley v. Wyrick, 712 F.2d 382, 385 (8th Cir.1983).
 
 
 5
 We carefully have reviewed the testimony given at the state postconviction hearing. Kelly testified as to the reasonable, strategic reasons why he did not renew his motion for a court-appointed investigator after the trial court denied his first motion as too general. He also testified that he conducted his own investigation, which included talking to potential witnesses in East Moline, Illinois. Williams failed to establish either that Kelly's investigation of his case fell below an objective standard of reasonableness or that the investigation prejudiced the result of his trial.
 
 
 6
 Williams advances only a conclusory argument concerning Kelly's preparation for trial. Williams points to no specific instances in which Kelly was unprepared, and thus, he fails to show either deficient performance or prejudice.
 
 
 7
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa