# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2013

No. 12-10838
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY ELTON BENTLE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-25-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Barry Elton Bentle pleaded guilty to one count of possession with intent to distribute methamphetamine. The district court sentenced Bentle at the bottom of the advisory guidelines range to 210 months of imprisonment and three years of supervised release. Bentle contends that the district court abused its discretion in denying a downward departure or variance because improper statements were used to enhance his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bentle raises the same points on appeal that he raised in the district court at sentencing and in his sentencing memorandum, yet Bentle had failed to object to the reasonableness of his sentence after it was imposed. Thus, review is arguably for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *but see United States v. Flanagan*, 87 F.3d 121, 124 (5th Cir. 1996). We need not determine which standard of review is appropriate, however, because Bentle's claims fail even under the abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

By pleading guilty, Bentle waived all nonjurisdictional defects in the instant proceedings, including a challenge to his post-arrest statements. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *see also Rogers v. Maggio*, 714 F.2d 35, 38 (5th Cir. 1983). Bentle does not claim that the district court denied his request for a downward departure because the court erroneously believed that it had no authority to depart. We do not, therefore, have jurisdiction to review Bentle's insistance that the district court erred when it denied his request for a downward departure. *See United States v. Hernandez,* 457 F.3d at 416, 424 & n.5 (5th Cir. 2006). Accordingly, his appeal is dismissed in part for lack of jurisdiction. *See United States v. Martinez*, 263 F.3d 436, 440 (5th Cir. 2001).

We do, however, have jurisdiction to consider a challenge to the sentencing court's denial of a variance based on 18 U.S.C. § 3553(a) grounds. *See United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007). After *United States v. Booker*, 543 U.S. 220, 261-63 (2005), appellate courts ordinarily will review sentences for reasonableness. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Bentle does not claim, though, that his sentence is unreasonable or cite to any of the § 3553(a) factors in support of a lower sentence. He thus fails to rebut the presumption that his within-guideline sentence was reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). As such, he has failed

to show that the district court committed error, plain or otherwise, in denying his motion for a variance. *See id.*

The district court's judgment is AFFIRMED in part, and Bentle's appeal is DISMISSED in part for lack of jurisdiction.