# IN THE COURT OF APPEALS OF IOWA

No. 23-0599
Filed July 24, 2024

**EDWARD LEE WILLIAMS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Patrick McElyea,

Judge.


Applicant appeals the summary dismissal of his postconviction-relief

application. **AFFIRMED.**


R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney

General, for appellee State.


Considered by Schumacher, P.J., Chicchelly, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**BLANE, Senior Judge.**

Edward Lee Williams appeals the grant of summary disposition and dismissal of his most recent postconviction-relief application (PCR). He contends that the jury that was discharged due to a mistrial was the same jury at the second trial that returned his guilty verdict. He also contends that the judge from the mistrial should not have been the judge at the second trial. He claims his trial counsel was ineffective for failing to object to those events. Finally, he argues that the PCR court erred when it failed to comply with the procedures in Iowa Code section 822.6 (2021). Upon our review, we find Williams' arguments are not supported by the record and affirm.

## I.     Background facts and proceedings.

In 1969, Williams was charged with murder in the first degree. A jury trial started on September 22, 1969, but a mistrial was declared on September 24, and the jury was excused. A second trial began on October 13. On October 20, the jury found Williams guilty as charged. Williams appealed. The Iowa Supreme Court affirmed. *State v. Williams*, 207 N.W.2d 98, 104–110 (Iowa 1973). In 1981, Williams filed his first PCR application, which was denied and affirmed by the Iowa Supreme Court without opinion. *See Williams v. State*, No. 64492 (Iowa 1981). In 1994, he filed a petition for writ of habeas corpus in federal court, which was denied. *See Williams v. Scurr*, No. 93-2697, 1994 WL 69477, at *1 (8th Cir. Jan. 24, 1994). Williams filed his second PCR application in 2007. It was dismissed as untimely. Williams again appealed. By unpublished order on June 24, 2008, the Iowa Supreme Court dismissed the appeal as frivolous. None of these proceedings raised an issue regarding the jury.

On June 7, 2021, Williams filed his third PCR application raising one primary issue—that the jury empaneled at the first trial, which was declared a mistrial, was the same jury at the second trial that returned the guilty verdict. He also added that the judge from the mistrial should not have been the judge at the second trial. Based on this claim, he asserted his criminal trial counsel was ineffective for failing to object to these alleged errors.

On August 22, 2022, the State filed a motion for summary dismissal setting forth two grounds: (1) that Williams failed to state a claim for which relief could be granted and (2) the claim was barred by the statute of limitations, specifically arguing the PCR application was not timely filed and there was no evidence or issues that could not have been raised earlier. *See* Iowa Code § 822.6(3).

At the hearing, Williams, represented by counsel, participated by video conferencing. He contested the State's motion based on statute of limitations. He also argued that the newly discovered evidence exception applied. Williams was the only witness and testified:

> Q. Did you have a different jury panel at that time or was it the same jury that you had for your previous trial? A. It was the same jury.
> Q. When did you discover that? A. About two or three years ago there was a case in Waterloo where they had a discussion about the jury so I checked my paperwork and I could not find when we selected the second jury.
> Q. So do you believe that it was the same jury that came and tried your case the second time? A. Yes.
> . . . .
> Q. But you have no independent recollection of the first set of jurors being the same people at the second trial? That's what I'm asking. Do you understand my question? A. Yes. No, huh-uh. I don't have any recollection.
> . . . .
> Q. What makes you believe then that it was the same jury?
> A. Because the first trial that resulted in a mistrial I was there with my

attorney, the State was represented, the judge was presiding and we selected a jury and then we went to trial. All right. In the second trial we didn't do any of that. We went right in and we began the prosecution. So I'm saying where was the second jury, you know? I wasn't there. My attorney wasn't there. There was no record of it so, you know, so where was the second jury? I know I didn't pick it.

Q. Okay. And that information can be verified through your underlying case which is part of this record, right? A. Yes.

The court took judicial notice of the court file in Williams' criminal trial. *See id.* § 822.6A.

The PCR court granted the State's motion for summary dismissal. The court, citing to the record in the criminal case, found

On September 25, 1969, a District Court Judge signed an order specifically excusing the jury panel that heard the first trial from jury service the week of October 13, 1969, when the second trial was set to commence. The record reflects a new jury was empaneled on October 13, 1969 to hear the second trial. On October 20, 1969, the jury returned a verdict finding the Applicant guilty of first-degree murder. This verdict form is signed by one of the jurors listed on the "trial jury and witness record" dated October 13, 1969. This name does not appear in the "trial jury and witness record" for September 22, 1969.

Based upon these findings, the court concluded, "[T]he record is abundantly clear that the Applicant had two separate and distinct juries to hear his two trials." The Ruling further stated:

this issue was not raised on direct appeal nor was it raised in any prior postconviction relief action. The Applicant would have been immediately aware of this issue and there has been no articulable reason presented why this was not raised either on direct appeal or within the initial three-year statute of limitations for postconviction relief actions.

The court then denied Williams' PCR application "pursuant to [Iowa Code section] 822.6(3) for failure to state a genuine issue of material fact, and pursuant to [Iowa

Code section] 822.3 for failure to timely file the application within the statute of limitations." Williams appeals.

## II. Standard of review.

In general, we review the denial of an application for postconviction relief for legal error. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). But when an application raises the constitutional claim of ineffective assistance of counsel, we review the record de novo. *See id.* We review the summary dismissal of an application for postconviction relief for errors at law. *Castro v. State,* 795 N.W.2d 789, 792 (Iowa 2011).

## III. Discussion.

There are several preliminary issues which we must first address. The State contends that Williams did not preserve the issues for appeal. The primary issue raised by Williams is his claim that the jury at his mistrial improperly convicted him when it was seated for his second trial. The district court ruled on that issue and it is properly before us. We do agree that Williams' second issue, that the same judge should not have presided at his second trial, was not addressed by the district court, Williams did not file a motion to enlarge under Iowa Rule of Civil Procedure 1.904(2), and so it is not preserved for our review. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012) (holding that a motion to amend or enlarge is necessary to preserve error if a district court does not rule on an issue).

Next, before addressing Williams' primary arguments, we consider his claim that his PCR counsel did not have access to the murder trial criminal court file upon which the court relied in reaching its decision. On November 21, 2022, Williams' counsel filed a motion to access the file. The court granted this request on

November 22.  Based upon our review of the hearing transcript, it is clear that Williams' counsel received a copy of the file.  At the hearing, counsel stated: "Your Honor, I don't think—I have that on—I was able to get a copy emailed to me by the Clerk of Court."  Later, counsel stated: "once you look at the criminal calendar you will see . . . ."  Williams' counsel was not deprived access to the file and had the opportunity to challenge the court's reading of and findings that were based upon the criminal court file.

Next, Williams contends the district court failed to follow the proper procedure in ruling on the State's motion for summary dismissal under Iowa Code section 822.6(3).  That section provides:

> The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

In PCR cases, motions for summary disposition are handled in the same manner as a motion for summary judgment under Iowa Rule of Civil Procedure 1.981.

> The goal of that provision "is to provide a method of disposition *once the case has been fully developed by both sides*, but before an actual trial." *Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002) (quoting *Hines v. State*, 288 N.W.2d 344, 346 (Iowa 1980)).
> "We apply our summary judgment standards to summary disposition of postconviction-relief applications." *Moon* [*v. State*], 911 N.W.2d [137], 142 [(Iowa 2018)].  "[F]or a summary disposition to be proper, the State must be able to prevail as if it were filing a motion for summary judgment in a civil proceeding." *Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018).

*Linn v. State*, 929 N.W.2d 717, 730 (Iowa 2019).

On appeal, Williams claims that the State did not establish it was entitled to summary disposition; that his testimony created a fact dispute, the district court

should not have granted summary disposition, and he is entitled to an evidentiary hearing on the merits of his claim. We do not agree. Williams' testimony, over fifty-two years since the criminal trial, is equivocal at best whether the mistrial jury was the same jury that found him guilty. He based his testimony on a review of his own "paperwork." He agreed he "had no independent recollection of the first set of jurors being the same people at the second trial." But, as he now recalls, at the second trial he and his attorney did not go through the process of selecting a new jury, so he surmises the mistrial jury must have heard the second trial and returned the guilty verdict. Williams finally agreed "that information can be verified through [his] underlying case which is part of this record."

Iowa Code section 822.6A provides:

> The underlying trial court record containing the conviction for which an applicant seeks postconviction relief, as well as the court file containing any previous application filed by the applicant relating to the same conviction, shall automatically become part of the record in a claim for postconviction relief under this chapter.

The district court properly considered the criminal court file in deciding the State's motion. The court file establishes that a different jury than the one from the mistrial was seated for Williams' second trial and returned the guilty verdict. There was no genuine dispute of material fact, and the court properly granted the State's motion for summary dismissal. Further, since the record establishes that a second jury and not the mistrial jury returned the guilty verdict, Williams' criminal trial counsel had no basis to object and did not provide ineffective assistance of counsel. *See State v. Horness,* 600 N.W.2d 294, 298 (Iowa 1999) (counsel is not ineffective for failing to make an objection that has no merit).

The State also argues that Williams' PCR application is barred by the three-year statute of limitations found in Iowa Code section 822.3. Williams claims he qualifies for the newly-discovered-evidence exception. To qualify, Williams must prove:

> (1) that the evidence was discovered after the verdict;
> (2) that it could not have been discovered earlier in the exercise of due diligence;
> (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and
> (4) that the evidence probably would have changed the result of the trial.

*Harrington v. State*, 659 N.W.2d 509, 516 (Iowa 2003) (quoting *Jones v. State*, 479 N.W.2d 265, 274 (Iowa 1991)). We agree with the State that Williams does not qualify for the exception. Whether the first jury from the mistrial sat as the trier of fact and rendered the verdict during the second trial would have been readily observable even before the verdict was returned. Further, the claim regarding the jury is not newly discovered evidence that would affect the verdict. Williams' assertion of what he "discovered" does not qualify as evidence. He heard about a jury issue occurring in a Waterloo case "where they had a discussion about the jury." As a result, he checked his "paperwork," which presumably he has had since his trial. He could not find in his paperwork that a second jury had been selected. He also could not recall a second jury being selected. Obviously, whether a second jury had been selected was readily discoverable with due diligence before the expiration of the three-year limitation. The district court was likewise correct in deciding that Williams' PCR application was untimely and subject to dismissal under Iowa Code section 822.3.

**AFFIRMED.**