STATE of Missouri, Respondent,

v.

Gary Leon RILEY, Appellant.

No. 40586.

Missouri Court of Appeals, Eastern District, Division Three.

June 26, 1979.

William James O'Herin, Guilfoil, Symington, Petzall & Shoemake, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Richard Engel, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from a conviction by a jury for illegal possession of a Schedule I controlled substance, heroin. He was sentenced by the court to serve a term of five years in the Department of Corrections under the Second Offender Act.

On the afternoon of July 8, 1977, in the City of St. Louis, Leon Riley and a companion were stopped by two police officers. They were suspected of leaving the scene of an accident several blocks away. After being identified as the passengers of the abandoned car, both were placed in a police van and transported to the Sixth District Police Station. After Riley and his companion got out of the van, one of the police officers found an envelope containing a treasury check, later found to be stolen.

Defendant was taken to the Sixth District Police Station where two detectives were summoned to investigate the larceny charge. After having been given his constitutional rights police officers noted that defendant was chewing something. He was told to spit it out but refused to do so. After a struggle, he finally ejected from his mouth a clear cellophane wrapper containing three red capsules. The state's evidence showed the capsules contained heroin.

Defendant argues on appeal that the trial court erred in overruling his motion for a new trial because the verdict of the jury was not supported by substantial evidence.

■ On appeal, the court reviews the evidence only to determine if there was substantial evidence to support a verdict giving the state all reasonable inferences. *State v. Kuhrts*, 571 S.W.2d 709 (Mo.App. 1978). In order to convict one of possession of a controlled substance the state must produce evidence showing that defendant knowingly and intentionally possessed the substance. *State v. Polk*, 529 S.W.2d 490 (Mo.App.1975). The state's evidence established that defendant possessed three capsules and further that the capsules contained heroin. The fact that he had these items in his mouth and was chewing them was sufficient for the jury to infer that he had knowledge of the contents of the cellophane packet. Furthermore, evidence showing that defendant was attempting to destroy the capsules was evidence to be considered in demonstrating a consciousness of guilt. Although attempts to conceal the crime aren't sufficient in themselves, such evidence of acts, conduct, and declarations of the accused are considerations in showing consciousness of guilt. *State v. Goforth*, 535 S.W.2d 464 (Mo.App.1976). In this case the jury considered defendant's actions and chose to believe the police officers rather than defendant's contention that the capsules were "planted" on him by the police.

Conflicts in the evidence, the determination of the credibility of witnesses and the weight to be given their testimony are factors within the province of the jury. *State v. Kellick*, 521 S.W.2d 166, 167 (Mo.App. 1975).

We find substantial evidence to support the jury's finding.

■ The second point raised by defendant charges that the trial court abused its discretion in sustaining the state's objection to defendant's counsel's cross-examination of Detective Joseph Murphy concerning the disposition of the larceny charge. The exchange in question occurred during the cross-examination of Detective Joseph Murphy:

Q. So, you basically had Johnson at that point on four charges?

Is that correct?

A. At the booking time?

Q. Right.

A. Yes, sir.

Q. How many of those were warrants issued on?

A. The possession of heroin.

Q. There wasn't any warrant issued on any larceny charge, was there?

A. No, sir.

Q. Do you know why not?

MR. F. Scher: Your Honor, I am going to object.

The Court: Sustained.

Defendant contends that this cross-examination was necessary in order to show that defendant was "framed" by the police. Counsel for defendant had an opportunity to question Detective Murphy as to his motives in testifying. Detective Murphy was asked if he gave the capsules to defendant in order to make a case against him. He was asked if he received credit for arrests and convictions in the department.

■ The trial court is invested with much discretion in determining the extent of cross-examination, especially as to collateral matters. *State v. Knicker*, 424 S.W.2d 605 (Mo.1968); *State v. Dixon*, 566 S.W.2d 254 (Mo.App.1978). We find no abuse here.

GUNN and CRIST, JJ., concur.