Gary Leon **RILEY**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 43033.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 18, 1981.

James L. Rohlfing, St. Louis, for appellant.

John Ascroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from the denial of a Rule 27.26 motion after an evidentiary hearing. We affirm.

Pursuant to a motion for a new trial, movant was retried, convicted by a jury of possession of a Schedule I Controlled Substance (heroin) and sentenced to five years imprisonment. On direct appeal, the conviction was upheld in *State v. Riley*, 583 S.W.2d 751 (Mo.App.1979). Movant filed a Rule 27.26 motion. The motion was denied. Movant appeals.

Movant asserts error in that the trial court refused to consider a second motion to suppress evidence pursuant to the grant of his motion for a new trial. He further asserts ineffective assistance of counsel in that trial counsel failed to pursue the matter once the request for a second pretrial motion to suppress was rejected. We do not agree.

 The Rule 27.26 judge, in extensive findings of fact and conclusions of law, determined that the question of whether defendant was entitled to a new hearing on his motion to suppress was not appropriate for a Rule 27.26 motion. *See McCrary v. State*, 529 S.W.2d 467, 472 (Mo.App.1975). He further found there was no basis for any objection to the introduction of testimony as to the subject of the suppression hearing because the motion to suppress had been ruled upon at the time of the first trial. See, *State v. Jennings*, 278 Mo. 544, 213 S.W. 421, 423 (1919). Trial counsel's decision not to pursue the motion to suppress after hearing was denied was, therefore, a matter of trial strategy. The record supports these conclusions.

Our review of the record reveals that the judgment of the Rule 27.26 judge is based on findings of fact which are not clearly erroneous. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.