**STATE of Missouri, Plaintiff-Respondent,**

v.

**Donald KROLL, Defendant-Appellant.**

No. 47476.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 23, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied Jan. 15, 1985.

Robert C. Wolfrum, St. Charles, for defendant-appellant.

John Ashcroft, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant-appellant was found guilty by a jury of three counts of burglary in the second degree, § 569.170 RSMo 1978 and sentenced as a persistent offender to three concurrent twelve-year terms of imprisonment.

At approximately 4:30 a.m., the defendant was arrested, booked, and processed by the Marlborough police for driving while intoxicated. His blood alcohol content read .24 on the breathalyzer test. At that time, the defendant was unsteady on his feet and could not stand without assistance. Also, the officer described his appearance as "sleepy" with bloodshot eyes and a strong odor of alcohol on his breath. Later, at approximately 6:30 a.m. when the arresting officer returned Kroll to his room of the Duplex Motel, the defendant's condition had improved. The defendant could walk without assistance and was sufficiently coherent to direct the officer to his motel room.

Shortly after the departure of the police officer, the defendant joined by his companions left the Duplex Motel in Marlborough and headed west on Interstate 44 (I-44) destined for Pacific, Missouri. Upon arriving in Pacific, Kroll and his companions checked into the Okay Motel between 8:30 a.m. and 9:00 a.m. From there, the defendant and four of his companions drove to the Apple Valley Subdivision. After leaving the subdivision, the group headed east on I-44 towards St. Louis.

While traveling through Webster Groves the automobile driven by the defendant was stopped by the police. Officer Lange of the police department pulled over the defendant's vehicle because it was weaving and straddling the lanes. The defendant left the car to talk to Officer Lange. During their conversation, Lange noticed that one of the passengers in the rear seat was removing his coat. Lange continued to observe the passenger as he attempted to conceal something on the floorboard of the automobile with the coat. Before the passenger could succeed, Lange identified the object as a pillow case with the butt of a revolver protruding from it. Upon the arrival of another police officer, Officer Lange searched the car, specifically the pillow case. His search revealed that the pillow case contained not only a handgun but also jewelry and two large bottles full of coins. Lange placed the defendant and his passengers under arrest for suspicion of burglary.

An inventory search of the defendant's automobile at the Webster Grove's police station produced a safety deposit key which eventually led the police to the Franklin County Sheriff's department. Kroll and his companions were charged for the burglaries of three homes in Apple Valley Subdivision. Defendant now appeals raising three contentions: (1) the trial court erred by refusing defendant's proffered instruction on voluntary intoxication; (2) by permitting the state to elicit testimony without

a sufficient foundation; (3) by admitting evidence obtained from an arrest without probable cause.

Initially, the defendant contends that the trial court erred by refusing to submit his proffered instruction on the issue of intoxication to the jury. Essentially, he claims that evidence of intoxication can negate the mental state required for the offense. Under § 569.170 a person must *knowingly* enter or remain unlawfully to have the requisite mental state for burglary. The defendant argues that whether the defendant was too intoxicated to knowingly enter the homes in Apple Valley Subdivision is a factual determination for the jury.

■ However, for any jury instruction to be considered by the trier of fact, it must be supported by substantial evidence. *State v. Urhahn,* 621 S.W.2d 928, 933 (Mo. App.1981). This determination is made by the court. By refusing to submit the instruction on voluntary instruction, the court concluded that the evidence was insufficient to support a jury's finding on the issue. We agree.

■ The defendant has the burden of injecting the issue of intoxication into the case. § 562.076.2. Yet, evidence of mere intoxication does not raise the voluntary intoxication defense.[1] *State v. Bienkowski,* 624 S.W.2d 107, 108 (Mo.App.1981). To support an instruction on this defense, evidence must be presented that tends to show defendant was so intoxicated that he did not know what he was doing. *Id.* at 108. An individual acts "knowingly" when he acts with awareness of the nature of his conduct. *See* § 562.016.3.

■ On the morning of December 15, 1982, at approximately 4:30 a.m., the defendant was in police custody with a blood alcohol content of .24 on the breathalyzer test. He appeared sleepy and could not walk without assistance. However, the burglaries occurred nearly five hours later at approximately 9:30 a.m. There exists no evidence that the defendant continued to drink between 4:30 a.m. and 9:30 a.m. In fact, he was not released from police custody until 6:30 a.m. at which time he no longer needed assistance to walk and could direct the Marlborough police to his room in the Duplex Motel. Based on the lack of evidence concerning defendant's state of intoxication as of 9:30 a.m. on December 15, 1982, we believe that no substantial evidence of a degree of intoxication sufficient to negate the mental state required for the crime of burglary was introduced. The trial court properly refused the defendant's proffered instruction.

Next the defendant contends that the state laid an insufficient foundation before eliciting testimony from a witness on direct examination. The desired information concerned the average length of time needed to travel from the witness' home to I-44 and then to Webster Groves. This issue is presented in the case because the defendant asserts that he remained at the Okay Motel while the burglaries occurred. Therefore, the time required for his companions to return from the crime scene to the Okay Motel has relevance to his defense.

■ Questions of evidence relevancy are left to the discretion of the trial judge and his ruling will be disturbed only if clear abuse of discretion is shown. *State v. Lee,* 556 S.W.2d 25, 32 (Mo. banc 1977). In *Lee,* the defense counsel simply asked the alibi witness how long it took to travel from Lawrence, Kansas to Kansas City without any reference to speed, route, or distance. Also, no further attempt to add any reference to these variables was made. The court in *Lee* held that as a result no evidence was introduced to establish a foundation for a *meaningful comparison* of travel time. *Id.* at 32 (emphasis added). Unlike *Lee,* in this case the state asked the witness (a victim of the burglaries) how long it took to travel from his house to I-44 and then to Webster Groves. The defense counsel objected and initially the trial court sustained the objection. The state then added the factor of 55 mph after which the trial court permitted the question over the

1. As of July 1, 1984, the defense of *voluntary* intoxication may no longer be used to negate a required mental state. *See* § 562.076 RSMo cum. supp. 1983.

defendant's second objection. We find no clear abuse of discretion by the trial court. In light of all these factors, we believe a meaningful comparison can be made.

Lastly, the defendant contends that the trial court erred in overruling his motion to suppress physical evidence and to suppress oral statements claiming that his arrest was illegal for lack of probable cause. He argues that because the arresting officer did not know that a burglary had been committed, that probable cause could not be established. We disagree.

It was not necessary for the Officer Lange to receive a burglary report to recognize that a burglary had probably taken place, if the situation presented to him was sufficient to raise in the prudent man, a belief that a crime has been committed. *State v. Heitman,* 589 S.W.2d 249, 254 (Mo. banc 1979). An arrest with or without a warrant requires probable cause, which simply means knowledge of facts and circumstances sufficient for a prudent person to believe the suspect is committing or has committed an offense. *Id.* at 253. The existence of probable cause must be determined by practical considerations of everyday life on which reasonable persons act and not the hindsight of legal technicians. *Id.* at 253 citing *Brinegar v. United States,* 69 S.Ct. 1302, 338 U.S. 160, 93 L.Ed. 1879 (1949).

In *State v. Johnson,* 447 S.W.2d 285 (Mo. 1969) the Missouri Supreme Court again found probable cause for an arrest for burglary under facts similar to the case at bar. In *Johnson* the police established probable cause after they stopped a car for a traffic violation based on their observation of a bulging orchid pillow case between the two front bucket seats of the car in which one of the occupants was a known police character. This coupled with the driver's nervous demeanor and inaccurate answers to a simple inquiry as to where they had been and were headed amounted to sufficient probable cause to arrest for burglary. In *Johnson,* the police had no knowledge that a particular burglary had occurred. To this the court responded by simply saying that numerous burglaries occur everyday in St. Louis County and City and that the bulging orchid pillow case was not the usual, ordinary, expected item which three men would be hauling around with them at 10:00 p.m. *Johnson,* supra at 291.

In the case at bar, the record reveals that the arrest was not simply based on a butt end of a handgun protruding from a pillow case on the floorboard of the defendant's automobile which another occupant suspiciously tried to cover with his coat. This gave rise to the probable cause necessary to search the car. *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 72 (1982). The arrest for burglary was made after Officer Lange discovered that the object of his lawful search contained not only a loaded handgun but also jewelry and two large bottles full of coins. In light of *Johnson* and *Heitman,* this court believes that such an arrest was made with probable cause and the evidence properly admitted. Point denied.

The judgments of conviction are affirmed.

CRIST and CRANDALL, JJ., concur.