**STATE of Missouri, Respondent,**

v.

**Gary Leon RILEY, Appellant.**

**No. 40586.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 4, 1986.

Henry Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., George Cox, John Munson Morris, Asst. Attys. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Gary Leon Riley, was charged with unlawful possession of heroin, § 195.020, RSMo (Cum.Supp.1984) on July 8, 1977. Prior to trial on that charge he filed a motion to suppress physical evidence, to-wit, the alleged capsules of heroin. After an evidentiary hearing, the trial court denied defendant's motion. The case was tried before a jury and defendant was convicted. Defendant's motion for new trial was sustained. Following a second trial, defendant was again convicted and sentenced to a term of imprisonment for five years, consecutive to other sentences that he was serving. The conviction was affirmed on direct appeal. *State v. Riley,* 583 S.W.2d 751 (Mo.App.1979). Defendant then filed a Rule 27.26 motion which was denied by the trial court. The denial of that motion was affirmed on appeal. *Riley*

*v. State,* 620 S.W.2d 459 (Mo.App.1981). Defendant next filed a petition for writ of habeas corpus in federal district court. That petition was denied. On appeal, the United States Court of Appeals for the Eighth Circuit held that defendant had received ineffective assistance of counsel at his second trial by reason of trial counsel's failure to preserve his motion to suppress. Based upon the record before it, the Eighth Circuit concluded that defendant's fourth amendment claim may have had merit, but it was unable to determine if defendant was prejudiced. The matter was remanded to the district court with orders "to direct the state to permit [defendant] an untimely appeal of the trial court's suppression ruling" or to discharge defendant from his sentence. *Riley v. Wyrick,* 712 F.2d 382, 387 (8th Cir.1983). The district court complied with that mandate and this court granted defendant leave to appeal. We reverse.

Defendant's sole point on appeal is that the trial court erred in denying his motion to suppress the capsules containing heroin which the police caused him to eject from his mouth at the police station after his arrest. He argues that the search and seizure violated his rights under Art. I, § 15 of the Missouri Constitution and the Fourth Amendment to the Constitution of the United States.

In a motion to suppress the burden of going forward with the evidence and risk of nonpersuasion is on the State to show by a preponderance of the evidence that the motion should be overruled. § 542.296, RSMo (1978). Our review of the trial court's ruling on a motion to suppress is limited to a determination of whether the evidence is sufficient to sustain its findings, mindful that the weight of the evidence and the credibility of witnesses are questions for the trial court's resolution. *State v. Brown,* 665 S.W.2d 945, 948 (Mo. App.1984).

Within that scope of review we consider the record of the hearing on defendant's motion to suppress. Four police officers testified at the hearing. Their testimony

established that, on July 8, 1977, the police stopped defendant and another man one block from the intersection where an automobile had been abandoned by its occupants after hitting another auto. The two men matched descriptions of the car's occupants furnished by witnesses. They consented to return to the scene of the accident. One police officer testified, and the police report verified, that two witnesses identified the men as "passengers" in the car. Another police officer testified that they were identified only as "occupants." The men gave their names but produced no identification. They refused to tell the identity of the driver. A check of the license plate number revealed that a different vehicle with the same license plates had been involved in the reported theft of a can of oil from a service station on April 30, 1977. Defendant and his companion agreed to accompany the officers to the police station. They were transported there in the back of a police vehicle where a United States treasury check was found after they got out. Some time after his arrest, the police also discovered that defendant had given a false name and was wanted for other offenses.

At the station, defendant was placed in a holding area. There was some disparity in the testimony of the police officers as to when and for which offense defendant was arrested. One officer said defendant was merely being detained. Another said defendant was arrested for the theft of a can of oil and was being held pending investigation into leaving the scene of the accident. A third officer said defendant was under arrest for the theft as well as for leaving the scene of the accident. As part of the standard procedures for booking, defendant was asked to empty his pockets. Two police officers and two detectives were present. One officer noticed slurring in defendant's speech and asked him to remove the "gum" from his mouth. Defendant refused and became verbally abusive. At that point, three officers held defendant and a fourth officer put his hand on defendant's throat. Defendant then spit out a cellophane packet containing three cap-

sules. A substance inside the capsules was later determined to be heroin. The seized capsules of heroin were introduced into evidence at trial and defendant was convicted of possession of heroin.

The issue is whether the capsules containing heroin should have been excluded from evidence because they were obtained through a search which violated defendant's fourth amendment rights. Evidence seized as a result of an illegal stop or arrest is inadmissible. *Davis v. Mississippi,* 394 U.S. 721, 726–727, 89 S.Ct. 1394, 1397, 22 L.Ed.2d 676 (1969). The focus of our inquiry is on the validity of the arrest upon which the warrantless search was predicated.

The initial stop of defendant, who fit the general description of an occupant of the automobile, one block from the abandoned auto and defendant's subsequent consent to return to the scene of the accident were permissible actions. The transportation of a suspect stopped on a reasonable suspicion to the scene of the suspected offense for the purpose of further investigation is valid under *Terry v. State of Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 889 (1968). *See United States v. Wylie,* 569 F.2d 62, 70 (D.C.Cir.1977), *cert. denied,* 435 U.S. 944, 98 S.Ct. 1527, 55 L.Ed.2d 542 (1978). At that point an investigative stop, not an arrest, had occurred.

A defendant is under arrest when a police officer takes charge of or control of his movements. *State v. Abbott,* 571 S.W.2d 809, 815 (Mo.App.1978). Arrest with or without a warrant requires probable cause. *State v. Kroll,* 682 S.W.2d 78, 82 (Mo.App. 1984). Probable cause to arrest exists when the arresting officer's knowledge of the facts and circumstances is sufficient to warrant a prudent person's belief that the suspect is committing or has committed an offense. *Id.*

In the present case, after defendant was questioned at the scene of the accident, he agreed to go to the police station and was transported there in a police vehicle. At that point in time the police offi-

cers were in charge of and in control of defendant's movements. Although defendant acquiesced to a request by the police to accompany them to the station, submission to authority is not voluntary consent. *See State v. Witherspoon,* 460 S.W.2d 281, 287–289 (Mo.1970). At that point defendant was under arrest. The question then is whether probable cause existed for defendant's arrest at that particular time. The existence of probable cause is determined by the practical considerations of everyday life on which reasonable persons act. *See Kroll,* 682 S.W.2d at 82.

■ The evidence adduced at the hearing established that two witnesses identified defendant as either a "passenger" or as an "occupant" of the automobile which was abandoned after hitting another auto. There was no evidence that he was identified as the driver of the vehicle. The statute in effect at that time, § 564.450, RSMo (1969), imposed liability for leaving the scene of an accident only on the person "operating or driving" the vehicle at the time of the accident. "[R]eason to believe, or even certainty that an offense has been or is being committed does not constitute probable cause to arrest a particular individual unless reason also exists to believe that *that individual* committed the offense." *State v. Moore,* 659 S.W.2d 252, 255 (Mo.App.1983). Since the defendant was not identified as the driver, no probable cause existed to arrest defendant for the offense of leaving the scene of the accident.

■ Defendant's failure to produce identification or to identify the driver did not rise to the level of probable cause to justify his arrest. During an investigatory stop, a person need not answer, and indeed may decline to answer, any question put to him by the police. *Florida v. Royer,* 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229, 236 (1983).

■ A check of the license number revealed that the license plates on the car had been involved in the theft of a can of oil from a filling station on April 30, 1977.

Defendant's connection with this theft was tenuous at best. The automobile in which he was riding was different from the one reportedly used in the theft. The theft had occurred over two months prior to the present incident. Testimony at the hearing established that the description of the wanted subject in the petty larceny report was that of a black male, 25 to 28 years old, 135 pounds, medium build. This description could fit any number of persons. *See United States v. Jones,* 619 F.2d 494, 498 (5th Cir.1980). Moreover, the record before us does not indicate that the police were aware of this description at the time of defendant's transportation to the police station. Knowledge of these facts was insufficient to establish in the police a reasonable belief that defendant had committed the theft of the can of oil. No probable cause therefore existed to arrest defendant for that offense.

■ In addition, defendant could not be detained at the station pending an investigation into the offense of leaving the scene of the accident. An arrest is illegal if its purpose is to afford police officers the time and opportunity to investigate and amass facts sufficient to constitute probable cause. *State v. Heitman,* 589 S.W.2d 249, 254 (Mo. banc 1979). Discovery both of the treasury check and of defendant's failure to give his correct name occurred after defendant's arrest and therefore could not serve as the basis for probable cause. Probable cause must be analyzed according to facts known at the time of arrest, not according to facts learned later. *Moore,* 659 S.W.2d at 255.

The evidence before the court at the hearing to suppress was not sufficient to sustain a finding that the capsules containing heroin were seized as a result of a valid arrest based upon probable cause. Where an erroneous ruling on a motion to suppress physical evidence is found to be prejudicial, the case is ordinarily reversed and remanded for a new trial. Here a remand would be futile.

The judgment of the trial court is reversed.[1]

PUDLOWSKI and CARL R. GAERTNER, JJ., concur.

1. On motion of defendant the mandate in *State v. Riley,* 583 S.W.2d 751 (Mo.App.1979) has been recalled.