Tony GRANT, Appellant,

v.

STATE of Missouri, Respondent.

No. 52616.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1987.

Laurence Gavin Schmidt, Hillsboro, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of Rule 27.26 post-conviction relief after an evidentiary hearing. The claim of error is movant "demonstrated by a preponderance of the evidence that he was denied effective assistance of trial counsel" for failure to interview and call two witnesses, James Riggins and Willie Gibbs, after having been advised by movant of the esculpatory nature of their potential testimony. We affirm.

Movant was convicted by a jury on the charges of robbery first degree and armed criminal action. He was sentenced to serve concurrent terms of ten years and three years on these charges. The jury found defendant not guilty of two related charges. The only issue decided on movant's direct appeal was sufficiency of evidence to support the guilty verdicts. *State v. Grant*, 697 S.W.2d 197, 198 (Mo.App. 1985).

The motion in the present case alleged three grounds for relief; (1) ineffective assistance of counsel for failure to interview and call Riggins and Gibbs where "both would have testified movant was not aware of crime, and know where [sic, nowhere] around when it occurred, and that movant was not person responsible for the crime charged"; (2) trial court err in failing to suppress evidence seized without a search warrant; and, (3) trial and appellant counsel were ineffective in not preserving "the constitutionality of the evidence admitted into trial." The adverse decision of the motion court on grounds (2) and (3) has not been questioned. We note, however, the motion court correctly found these claims without merit since the trial transcript clearly shows that movant's sister allowed police officers to search their home. A weapon, introduced in evidence, was found during the permissive search. We are concerned only with the first ground.

Our review of this Rule 27.26 motion is "limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). We consider claims of ineffective assistance of counsel in light of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 694 (1984) and *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979). We need not recite the legal principles established in these cases.

We have carefully reviewed the trial transcript and the transcript of movant's evidentiary motion hearing. They disclose the following details. James Riggins was a co-defendant. Prior to movant's trial he entered pleas of guilty to related charges of robbery, sodomy and armed criminal action. Movant's trial counsel interviewed James Riggins before movant's trial. Before movant's trial his counsel learned that during Riggins's plea hearing he admitted acting with defendant. On that basis trial counsel determined it would not be in movant's best interest to call James Riggins as a defense witness. Movant's trial counsel did not interview Willie Gibbs. The explanation for this decision was that Gibbs was a co-defendant represented by counsel and his counsel would not permit an interview. These facts are sufficient to support the decision of the motion court to deny relief on the claim of ineffective assistance of trial counsel. Under the circumstances both the investigation and the decision of trial counsel were reasonable.

There is independent support for the denial of relief. Movant testified during his criminal trial. He testified that he was a witness to the events which occurred in the basement of his home and that no criminal activity occurred. Particularly, he did not testify that during the event he was asleep. His position before the motion court is that Riggins and Gibbs, if interviewed and if called, would have testified that defendant was not guilty of the charges because he was asleep. We first observe that this is not the basis of the motion which asserts that defendant was "know where [sic, nowhere] around." Apart from the discrepancy there is no evidentiary support for a finding that movant ever told trial counsel that he was asleep or nowhere around during the events or that James Riggins or Willie Gibbs would so testify. His own testimony at trial is contrary to that ver-

sion of the facts. The motion court found as a fact, that Riggins' testimony that he would have testified defendant was asleep, was not credible. Movant's trial testimony destroys any credibility of Riggins.

Trial counsel made an effort to investigate and interview Willie Gibbs. His efforts were foreclosed by counsel for Gibbs. He was not ineffective for failure to try. Further, movant's trial testimony contradicted his claim in the 27.26 motion that Gibbs would testify that movant was not there. Finally, Gibbs was not called as a witness before the motion court. Movant has not established that Gibbs would have been able to give favorable testimony, on any version of the facts.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.