Cornell TUBBS, Appellant,

v.

STATE of Missouri, Respondent.

No. 52644.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer Denied Feb. 11, 1988.

Application to Transfer Denied March 15, 1988.

David C. Hemingway, Michael David Burton, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. He seeks to vacate a jury conviction for second degree murder for which he was sentenced to twenty-five years in prison. We affirm.

The evidence presented at movant's trial is set out in detail in our opinion affirming his conviction. *State v. Tubbs*, 670 S.W.2d 870 (Mo.App.1983). We only repeat those facts necessary to the resolution of this appeal. Victim died of injuries inflicted by movant. He sustained the injuries in movant's basement. At trial movant testified he entered the house through the front door, went to his bedroom where he got his gun and brass knuckles, and then went into the basement. He said he saw his wife and victim kissing in the basement. He testified he told victim to leave and, when victim refused, a fight ensued. In his defense, movant put on evidence supporting the hypothesis victim and movant's wife were romantically involved. Movant's wife testified victim was at the house to repair the furnace and when they returned to the basement, after checking the thermostat, movant was hiding down there.

■ Movant now asserts his trial attorney was ineffective for failing to introduce photographs of the basement window. He claims the photographs would show the windows were too small for him to enter the basement through. Movant did not provide the Rule 27.26 court with photographs of the window. In response to movant's assertion, the court found "movant has not met his burden in that there was no photograph of the window introduced at this motion, so the Court has no way of independently verifying movant's assertion." The determination of witness credibility is for the Rule 27.26 court and the court may reject any testimony even if it is uncontradicted. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The deference given the Rule 27.26 court is not less just because it provided movant with an explanation as to why his testimony was not believed.

Even if the Rule 27.26 court had believed the basement windows were too small for movant to climb through, movant did not demonstrate how that evidence would have affected the outcome of his trial. *Martin v. State*, 712 S.W.2d 14, 16[2] (Mo.App. 1986). Movant's wife just testified he was there; how he got there does not change what occurred in the basement.

Movant also argues his trial counsel was ineffective because he failed to call two witnesses who would have testified they saw movant's wife and victim together. These two additional witnesses did not testify at the evidentiary hearing and the Rule 27.26 court is not required to believe movant as to what they would have said. *Richardson*, 719 S.W.2d at 915; *Smith v. State*, 714 S.W.2d 778, 781[4] (Mo.App.1986).

■ Movant's trial attorney called two witnesses who testified they helped movant's wife make calls to victim in that they placed the calls for her to avoid having victim's wife find out about the calls. Other testimony about an illicit relationship would have been cumulative. Movant, however, argues these witnesses could have provided additional information. Movant stated one of the witnesses would have testified "that [movant] and [victim] had had arguments and ... words before." Even if the Rule 27.26 court believed movant, this testimony would have supported a

scenario of premeditation rather than one of sudden passion.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.