**Donald Arthur KROLL, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53412.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

Henry Paul Fox, Jr., Daniel J. Pingelton, Columbia, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. In that motion he sought to vacate jury convictions for three counts of second degree burglary, for which he was sentenced, as a prior and persistent offender, to three concurrent twelve year terms of imprisonment. The convictions were affirmed on appeal. *State v. Kroll,* 682 S.W.2d 78 (Mo. App.1984). We affirm.

On December 15, 1982, movant was driving his automobile in St. Louis County when he was stopped by the police for weaving and lane straddling. In the car with movant were a front seat passenger, three back seat passengers, and a pillowcase containing what turned out to be stolen property. Prior to trial movant's counsel moved to suppress the evidence found in the vehicle on the ground there was no probable cause for the search. The police offer who stopped movant's automobile testified at the suppression hearing that he ordered the passengers out of the vehicle and then searched it because he had observed a gun protruding from the pillow-

case. The motion to suppress was denied. On direct appeal we held the facts supported a finding of probable cause. *Kroll*, 682 S.W.2d at 82[11].

In his Rule 27.26 motion movant alleged trial counsel was ineffective for not interviewing Richard Shinault, one of the back seat passengers. Neither movant's pro se Rule 27.26 motion nor the amended motion prepared by counsel specifies what information Shinault would have provided to support the motion to suppress. At movant's evidentiary hearing, both movant and Shinault testified the gun was in a box under the front passenger seat and thus not in plain view. However, on cross-examination Shinault indicated he did not tell movant about the gun box until a couple of weeks before the Rule 27.26 evidentiary hearing.

Our review of the denial of post-conviction relief is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 27.26(j); *Laws v. State*, 708 S.W.2d 182, 185[2] (Mo.App.1986). Movant asserts that if trial counsel had spoken to Shinault he would have been able to use his testimony to impeach the police account of the stop and search, and he could have checked the police inventory for the gun case and used the evidence of gun case to support Shinault's testimony. The Rule 27.26 court was in the best position to judge Shinault's credibility when he said he would have testified for movant. *Black v. State*, 723 S.W.2d 474, 475[2] (Mo.App.1986). Shinault confessed to the burglaries and was endorsed as a witness for the State although he did not testify at movant's trial. It was not clearly erroneous for the court to not believe him in light of his status as a co-defendant endorsed as a State's witness. *Grant v. State*, 734 S.W.2d 298, 299[1, 2] (Mo.App.1987). Movant did not introduce any evidence at the evidentiary hearing that a gun box was included in the inventory of movant's automobile. Movant's failure to supply the Rule 27.26 court with the evidence to support his assertions further supports the court's ruling. *Tubbs v. State*, 745 S.W.2d 739, 740[1] (Mo.App. 1987).

To be successful in a claim of "ineffective assistance of counsel movant must demonstrate a reasonable probability that but for the claimed error the outcome of his trial would have been different." *Simmons v. State*, 741 S.W.2d 800, 801[1] (Mo. App.1987). Another of the passengers in movant's automobile testified for the State at movant's trial; thus there would have been sufficient evidence to convict movant even if trial counsel had contacted Shinault, and Shinault had told him about the gun box, and Shinault had testified for movant at this suppression hearing, and the evidence was suppressed.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.